IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


TATIANA KOTCHERQUINA                                                        PLAINTIFF`


V.                                    CASE NO. 4:11CV00342 JMM


FITNESS PREMIER MANAGEMENT, LLC
D/B/A  FITNESS PREMIERE  OF LITTLE ROCK,  ET AL.              DEFENDANTS


ORDER

Pending before the Court is Defendant's Motion for Summary Judgment to which Plaintiff has responded.  For the reasons stated below, the motion is granted (#21).

Plaintiff brings a claim of negligence based upon an injury she suffered on August 31, 2010, at Defendant Fitness Premier Management, LLC, d/b/a Fitness Premiere's gym ("Fitness Premiere") while under the supervision of a Fitness Premiere personal trainer, Defendant Raymond "Trey" Gruver.  Plaintiff alleges that Fitness Premiere failed to provide Plaintiff with a qualified or certified personal trainer and that both Defendants failed to use ordinary care under the circumstances.

Defendants contend that Plaintiff signed exculpatory agreements with each of them prior to the August 31, 2010 incident which caused her injury and that these exculpatory agreements released them from any liability for injuries or damages resulting from exercising at Fitness Premiere with or without a Fitness Premiere trainer.

1

I. *Facts*

Defendant Fitness Premiere is a private fitness center located in Little Rock, Arkansas. On September 15, 2007, Plaintiff signed a fitness Membership Agreement with Fitness Premiere, which for a monthly fee, allowed her to use the exercise equipment, personal training services, and other facilities offered by Fitness Premiere. The Membership Agreement contained a exculpatory provision entitled "Waiver and Release."

The exculpatory provision stated:

> **Waiver and Release**: I am aware that physical exercise is a calculated risk activity and that using the Club's exercise machines, free weights, tanning, personal training services, and any other facilities and related services offered by the Club involves inherent risks and dangers, including loss of or damage to personal property and serious personal injury or death. I am aware of and understand the scope, nature, and extent of the risks involved in the activities contemplated by this Release and Waiver. I voluntarily assume and freely choose to incur any and all such risks of loss, damage, or injury, including death, including, but not limited to, the risk of harms caused in whole or in part by the unintended conduct of the Club.

On July 19, 2010, Plaintiff signed a one-page Personal Training Agreement which stated:

> I am aware that weight training is a calculated risk activity and that working with a Fitness Premier/Personalized Training Inc. Personal Trainer involves inherent risks and dangers, including loss or damage of personal property, serious personal injury and/or death. I am aware of and understand the scope, nature and extent of the risks involved in the activities contemplated by this Release and Waiver. I voluntarily assume and freely chose (sic) to incur any and all such risks of loss, damage or injury, including death, but not limited to, the risk of harms caused while or part of by the unintentional conduct of a Fitness Premier/Personalized Training Inc. Personal Trainer. I agree to indemnify and hold harmless Fitness Premier/Personalized Training Inc. Personal Trainer and Fitness Premier against any and all loss, damage, cost and expense which may result to me as a result of my training.

This latter document was also signed by Defendant Gruver on that same date. Plaintiff

understood the Membership Agreement and the Personal Training Agreements to be legal contracts and understood the meaning of "waiver."

II. *Discussion*

An exculpatory contract is one where a party seeks to absolve himself in advance of the consequences of his own negligence. *Finagin v. Ark. Dev. Fin. Auth.*, 355 Ark. 440, 455, 139 S.W.3d 797, 806 (2003). Contracts that exempt a party from liability for negligence are not favored by the law. *Plant v. Wilbur*, 345 Ark. 487, 493, 47 S.W.3d 889, 893 (2001). However, exculpatory contracts are not invalid *per se*. *See Id.* They are strictly construed against the party relying on them, and the to be valid the contract must clearly set out what negligent liability is to be avoided. *See Finagin v. Ark. Dev. Fin. Auth.*, 355 Ark. at 455, 139 S.W.3d at 806.

In addition to these two rules of construction, Arkansas courts have stated that they are not restricted to the literal language of the contract but "will also consider the facts and circumstances surrounding the execution of the release in order to determine the intent of the parties." *Id.* Arkansas courts, in deciding the validity of exculpatory clauses, consider three factors: (1) whether the party is knowledgeable of the potential liability that is being released; (2) whether the party is benefitting from the activity which may lead to the potential liability that is being released; and (3) whether the contract that contains the clause was fairly entered into. *Id*. at 458, 139 S.W.3d at 808.

The Court finds that the agreements signed by Plaintiff are clear and unambiguous. Moreover, Plaintiff's testified that in 2004 or 2005 she had a membership and the services of a fitness trainer in another gym prior to joining Fitness Premiere in 2007. Based upon this

testimony Plaintiff clearly knew the risks associated with working out in a gym and working with a fitness trainer in 2007 and 2010 when she signed agreements with Fitness Premiere and Gruver. Moreover, there is evidence that Plaintiff benefitted from the activity as she stated that she was happier and had more energy when she exercised.

Plaintiff's testified that she signed her Membership Agreement, and signed and read her Personal Training Agreement. She also testified that she understood the meaning of the word "waiver." *See Hipp v. Vernon L. Smith And Associates, Inc.*, 2011 Ark. App. 611 at 6, 2011 WL 4824296 (2011) (the general rule is that a person who signs a document is bound under the law to know the contents unless signature is procured by fraudulent representations of what a document contains). There is no evidence that either of the Defendants made any fraudulent representations concerning the contents of their contracts to Plaintiff.

The September 15, 2007 contract between Plaintiff and Fitness Premiere and the July 19, 2010 contract between Plaintiff and Defendant Gruver are valid contracts signed by Plaintiff which released each of these Defendants from liability.

Plaintiff's contends that Fitness Premiere cannot benefit from the July 19, 2010 contract because its agent did not sign the contract, or alternatively because of Gruver's alleged status as an independent contractor. These arguments are without merit because regardless of whether Fitness Premiere's agent signed the July contract or regardless of whether Gruver is an employee or an independent contractor, the September 15, 2007 contract between Plaintiff and Fitness Premiere specifically releases Fitness Premiere from liability including liability associated with personal training services.

The Court has taken into account that the Plaintiff is a resident alien for whom English is a second language.  However, Plaintiff has been living in the United States since 1999 and her testimony clearly reflects than she understands English and understood the consequences of her actions in signing these two contracts.

After considering all the facts and circumstances surrounding the execution of the release, the Court finds that these exculpatory agreements are valid and a complete defense to Plaintiff's claims for damages.

IT IS SO ORDERED THIS  2   day of    March , 2012.


_____
James M. Moody
United States District Judge